### TARNOFKER v. GRISSLER.

(Supreme Court, Appellate Term. February 7, 1908.)

1. EVIDENCE—PROOF OF HANDWRITING.
   The most obvious proof of handwriting is the testimony of a witness who saw the paper or signature actually written, and in the absence of such proof the best evidence is the information of witnesses acquainted with the supposed writer, and who from seeing him write have acquired a knowledge of his handwriting.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2210–2247.]

2. SAME.
   When a witness, called to prove handwriting, was asked whether he has seen defendant write, and answered in the affirmative, it was error not to allow him to state whether he believed the paper in dispute to be in such person's handwriting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Pinkas Tarnofker against Louis Grissler and another. From a judgment for defendant Louis Grissler, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Oswald N. Jacoby, for appellant.
Henry Stengel, Jr., for respondent.

PER CURIAM. The action was brought by plaintiff on a note against the defendant Grissler and one Louis Halle as joint makers. The defense interposed by the defendant Grissler was that his signature to the note was a forgery. Plaintiff testified that he saw Grissler sign the note. Defendant Halle and an apparently disinterested witness testified to the same effect. The defendant himself testified, denying the signature was his, and called one witness to impeach the general veracity of the witness Halle.

Plaintiff called a witness named Maerkee, who testified that he had seen the defendant Grissler write four or five times, and was then asked if that was the signature of "Louis Grissler" on the note, and was not permitted to answer on the ground that he had not been properly qualified. This was error. Of course, the simplest and most obvious proof of handwriting is the testimony of a witness who saw the paper or signature actually written. But this kind of evidence cannot always be obtained. In the absence of such proof, the best evidence which the nature of the case admits is the information of witnesses ac-

quainted with the supposed writer, and who from seeing him write have acquired a knowledge of his handwriting. A witness may therefore be asked whether he has seen a particular person write, and, if he answers in the affirmative, he may further be asked whether he believes the paper in dispute to be in his handwriting. The excluded testimony should have been received, and the judgment might therefore have been affected by the failure to admit it.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.